2014 MAY 12 AM 9:12
COURT OF APPEALS DIV I

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In re Estate of STUART RIPPEE, | ) | NO. 70136-3-I |
| | ) | |
| LAURA BURWASH, | ) | DIVISION ONE |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DENISE RIPPEE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | FILED: May 12, 2014 |
| | ) | |

LAU, J. — Summary judgment as a matter of law is improper where reasonable minds could differ on the facts controlling the litigation's outcome. In this dispute, Stuart Rippee's widow Denise Rippee[1] and adult daughter Laura Burwash[2] dispute the validity of Rippee's will and community property agreement. The record here amply demonstrates material factual disputes and competing reasonable inferences from the evidence on Burwash's claims of undue influence and testamentary capacity. Because the trial court improperly granted summary judgment dismissal in Denise's favor, we reverse and remand for trial.

[1] For clarity, we refer to Stuart Rippee as "Rippee" and Denise by her first name.

[2] Burwash's maiden name was Laura S. Rippee. We refer to her as "Burwash" for clarity.

## FACTS

The facts in this case are well known to the parties. See In re Estate of Rippee, noted at 149 Wn. App. 1009, 2009 WL 502400 (Rippee I). In Rippee I, we reversed summary judgment dismissal in Denise's favor because Burwash presented sufficient evidence to create genuine issues of material fact on her undue influence and testamentary capacity claims. Rippee I, 2009 WL 502400 at *5-6. Three years of discovery ensued.

The trial court set the case for trial. Denise moved for summary judgment dismissal, arguing that the lack of material factual issues entitled her to judgment against Burwash as a matter of law. After oral argument, the trial court found no material fact issues remained as to the undue influence and testamentary capacity claims. It entered an order dismissing Burwash's Trust and Estate Dispute Resolution Act, chapter 11.96A RCW (TEDRA) petition.

Burwash unsuccessfully moved for reconsideration based on (1) procedural irregularities, including the shortened time granted to hear the motion for summary judgment, (2) error in imposing a clear, cogent, and convincing standard on summary judgment, and (3) improper grant of summary judgment given that issues of material fact remained. Burwash appeals.

## ANALYSIS

### Summary Judgment Dismissal

We review a summary judgment order de novo, performing the same inquiry as the trial court and considering facts and reasonable inferences in the light most favorable to the nonmoving party. Jones v. Allstate Ins. Co., 146 Wn.2d 291, 300, 45

-2-

P.3d 1068 (2002). Summary judgment is proper if no genuine issue of material fact remains and the moving party is entitled to judgment as a matter of law. CR 56(c). A genuine issue of material fact exists where reasonable minds could differ regarding the facts controlling the outcome of the litigation. Wilson v. Steinbach, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). The nonmoving party may not rely on mere allegations, denials, opinions, or conclusory statements but must set forth specific admissible facts indicating a genuine issue for trial. CR 56(e); Int'l Ultimate, Inc. v. St. Paul Fire & Marine Ins. Co., 122 Wn. App. 736, 744, 87 P.3d 774 (2004).

After Rippee I, the parties expended three years on discovery.[3] Upon completion, Denise moved again for summary judgment dismissal. Like her first summary judgment motion, Denise claims no issues of material fact exist as to the undue influence and testamentary capacity claims. We disagree. The record here amply demonstrates remaining material fact issues that require a trial to resolve. The trial court erred when it granted Denise's summary judgment motion as a matter of law.[4]

Remaining Issues

The parties also raise various procedural and evidentiary challenges. Given our disposition, we address only one—Burwash's challenge to the trial court's order granting Denise's motion to amend her reply to the TEDRA petition.[5] Because the amendment results in no prejudice, the trial court properly allowed the amendment.[6]

---

[3] Generally, necessary discovery is completed before moving for summary judgment.

[4] Given our decision, we need not address Burwash's motion for reconsideration.

[5] The trial court is better positioned to address any remaining issues on remand.

70136-3-I/4

Attorney Fees

Both parties request appellate attorney fees under RAP 14.3 and RCW 11.96A.150. The requests are premature and should abide the final determination following remand and trial.

CONCLUSION

We reverse and remand for trial.

_____ Jan, J.

WE CONCUR:

_____ Leach, J.          _____ Appelwick, J

---

[6] Prejudice is the most important factor in considering a motion to amend. Wilson v. Horsley, 137 Wn.2d 500, 505, 974 P.2d 316 (1999). To evaluate prejudice, the court examines whether the amendment would cause undue delay or unfair surprise. Caruso v. Local 690 of Int'l Bhd. of Teamsters, 100 Wn.2d 343, 349-50, 670 P.2d 240 (1983). Leave to amend pleadings is to be "freely given when justice so requires." CP 15(a).

-4-